No. 7748

Court of Appeal — Parish of Orleans

Parish of Orleans

versus

Widow J. Barzana, Mrs.
Patrick Henry Comfort,
Mrs. C. Publicot.

By Dinkelspiel, J.

371

By Dinkelspiel, J.

This suit was instituted by the District Attorney for the Parish of Orleans in the Civil District Court on July 22nd, 1919, alleging that under act of the Legislature of the year 1916, being Act No. 47, the owners of the premises No. 1030 Orleans Street in this City, Mrs. Widow Barzana and Mrs. Patrick Henry Comfort, and also the tenant of said premises, Mrs. George Dublucet, and occupant of same, and that in said premises assignation and prostitution was carried on, continued and permitted, and in violation of the aforesaid act of the General Assembly.

The District Attorney further represents that said building and premises are used by prostitutes, for the purpose of prostitution and assignation, and others of similar character renting rooms therein and using said premises for the purposes mentioned.

The District Attorney further alleges that said premises bear the general reputation of being a resort of prostitution and a place where prostitution and assignation is carried on, continued or permitted, and that all the acts charged constitute a nuisance within the law and that a writ of injunction and abatement is necessary in the premises.

The prayer of the petition, together with the affidavit annexed, demands of the Court the issuance of an order of abatement closing the premises for one year, also that a writ of injunction issue restraining the owners and the tenant from further conducting the acts charged, above referred to, in said premises, and that in due course the injunction be made perpetual and the order of abatement be made permanent for one year.

The tenant, Mrs. Dublucet, admits the occupancy of the premises in question, averring that she has lived in the

neighborhood for about 18 or 20 years and specially admits living in the house 1030 Orleans Street, but denies specifically the allegation that said house, the one she lives in, is either a house of prostitution or assignation frequented by persons of lewd character; on the contrary, avers that the house is an honest boarding and rooming house and that she is a woman of good character, that she has always borne a good reputation, and the house in question also bears a good general reputation for decency and morality, and that neither assignation nor prostitution is carried on, conducted, continued or permitted to exist therein, and her prayer is that plaintiff's suit be dismissed, the rule nisi discharged.

The other defendants, Mrs. Barzana and Mrs. Comfort, who are the owners of the building in question, after presenting their titles to the property No. 1030 Orleans Street, aver: that their tenant, Mrs. Dublucet, had occupied the premises for a number of years prior to these proceedings, and that during her entire occupancy as such tenant not a single complaint had ever been made by any of the neighbors or any other party in reference to the bad character of the premises or immorality said to be conducted therein, and no charges of any kind have ever been heard, so far as these defendants are concerned, against their tenant, Mrs. Dublucet, and in so far as these defendants knew she, Mrs. Dublucet, had always conducted herself in a highly respectable manner, borne the very best of reputation, that the premises in question were rented to her as a boarding and rooming house, and they have always understood and believed that the rooms, some were furnished, others were not, and that all of them were rented to none but respectable people, permanent as regards their stay, and many of these living there were married, having families, and to all charges made against the premises in question they enter a most unequivocable denial.

373

A careful reading and study of all the testimony in this cause satisfies us that there was quite a number of unfriendly neighbors who for years back had in many ways attempted to fasten upon the defendant, Mrs. Dublucet, and upon the house in question a very bad character, and some years back some of these same witnesses who presented themselves in this case made affidavit appearing in one of the Recorder's Courts of this City and there testified to the immoral character both of the house in question and the defendant, Mrs. Dublucet. The Judge in that case decided such to be the fact, but an appeal was taken from his decision and that decision was reversed by the Judge of the Criminal District Court, and thus that matter 'in so far as the house and Mrs. Dublucet were concerned was settled; but, nevertheless, it is apparent that the feeling of ill will and doubtless of enmity between some of these good people and the defendant, Mrs. Dublucet, continued, and continuous complaints were made by these same parties to the members of the Police Department, to the Governmental and State authorities, and who from time to time had the house in question watched, but nothing ever came of these investigations. Testimony of members of the Police Department, testimony of other witnesses who have appeared in this case is in evidence in this record, together with that of the various inmates of the house in question, all of them white people, many of them married, some of them with children, who occupied various rooms in this house, many of them who lived there for years, and some of these people, working people, left their children under the care, guidance and protection of Mrs. Dublucet, and it is evident that she must have taken the very best care of them, no complaints having ever been made as regards the rearing and taking care of these children, and not only that, but on investigation

374

made by the proper authorities, it was ascertained by an examination of the premises, questioning the inmates and others familiar with the house, and with the tenant, Mrs. Dublucet, that she had kept a rooming house and boarding house for permanence where ladies and gentlemen frequently established their homes, some taking their meals there and others residing in the place, and all testified, not only to the good character of the house in question, but also gave Mrs. Dublucet the very best moral character.

It will therefore serve no good purpose in prolonging this opinion or entering into a minute discussions of the evidence in this case, pro and con, and nothing would be gained thereby. As his Honor, the judge a quo, saw and heard the witnesses, and for several days patiently and closely heard the evidence, and he having been for years prior to his present occupancy of the bench of the Civil District Court a Judge of the First City Criminal Court of this City, was in a far better position to analyze, scrutinise, weigh and finally decide the question presented than we are. He doubtless noted the character of the witnesses, he knew and heard and saw everything in reference to the matters presented, and finally came to the conclusion that the rule nisi and the injunction, together with the abatement suit, should be dismissed, and in this, his opinion, we concur.

For the reasons assigned herein, it is ordered, adjudged and decreed that the judgment of the District Court be and it is hereby affirmed.

Judgment Affirmed.